UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANA KENNEDY,

    *Plaintiff*,                                        CASE NO. 17-13187

*v.*                                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                                    MAGISTRATE JUDGE PATRICIA T. MORRIS

KERRI RUPE,
ALLISON KENNEDY,
JANICE BURGESS,
and DAWN LETSON,

    *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
FOR *SUA SPONTE* DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED THAT the case be DISMISSED in its entirety for failure to state a claim upon which relief can be granted**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Lana Kennedy filed a complaint on September 28, 2017 (Doc. 1), along with an application to proceed *in forma pauperis* (Doc. 2). District Judge Ludington referred this matter to the undersigned for all pretrial purposes on October 1, 2017. (Doc. 3). On October 3, 2017, the undersigned granted Adams' motion to proceed *in forma pauperis*. (Doc. 4).

## B. Screening Procedure and Standards

In enacting the original *in forma pauperis* statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding *in forma pauperis* and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

C.   **Analysis**

Plaintiff's complaint alleges various wrongdoings by Defendants and others relating to child protective proceeding resulting in her children being removed from her care. (Doc. 1.) Plaintiff complains that Defendant Rupe unfairly had her child examined for "failure to thrive" syndrome, that her daughter was wrongfully "arrested in front of the DHS office" by Defendants, that Defendant Kennedy wrongfully accused Plaintiff of "kidnapping" her own child while Defendant Kennedy had endangered her child by not using a car seat and by not reporting Defendant Letson's relationship with a former domestic abuser and Defendant Letson's negligent care of Plaintiff's children requiring re-circumcision for her son. (Doc. 1 at ID 6-9.) Plaintiff also alleges that Defendant Rupe's use of a rubber stamp for a judge's signature was forgery. Plaintiff contends that all of these actions violated her civil rights. (Doc. 1 at ID 6.) Plaintiff seeks three hundred million dollars in damages.

Defendants Rupe, Kennedy and Burgess are, as alleged by Plaintiff, social workers. "'[S]ocial workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty and so are entitled absolute immunity.'" *Rippy ex el Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001) (quoting *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989)). "The analytical key to prosecutorial immunity, therefore, is advocacy – whether the actions in question are those of an advocate. By analogy, social workers are absolutely immune only when they are acting

3

in their capacity as legal advocates initiating court actions or testifying under oath – not when they are performing administrative, investigative, or other functions." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000); *accord Reguli v. Guffee*, 371 Fed. App'x 590, 599 (6th Cir. 2010). Thus, all activities having to do with the court's decisions taken as a result of the Defendants' actions as advocates for CPA or DHS are entitled to absolute immunity. In addition, social workers are entitled to qualified immunity with respect to their investigatory acts. *Palmer v. Adams*, 517 F. App'x 308, 310 (6th Cir. 2013). Here, the acts alleged to have been taken during the investigation by Defendants do not rise to the level of a constitutional violation; thus, the social worker defendants are entitled to qualified immunity. *Palmer, supra* (failure to interview persons who may have been favorable to the plaintiff, failure to consider the results of a physical examination showing no signs of sexual abuse and consideration of statements made by a therapist that had an ongoing relationship with the child did not rise to the level of a constitutional violation entitling the social worker to qualified immunity). Furthermore, even if it could be said that any of the social workers' actions were unconstitutional, I find that a reasonable social worker would not have known that her actions would violate clearly established constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Therefore, the social workers are entitled to absolute and qualified immunity for their actions alleged to have violated Plaintiff's federal civil rights.

In addition, the social workers enjoy absolute immunity under Michigan law and thus would enjoy absolute immunity from any state law claims, e.g., defamation. *Martin v. Children's Aid Soc'y*, 215 Mich. App. 88, 97 (1996).

As to the foster care provider, Defendant Letson, Michigan law extends immunity for claims sounding in negligence when the "alleged negligent act involves an exercise of parental discretion…" Mich. Comp. Laws § 722.163(1)(b). Since the allegations against Defendant Letson sound in negligence, i.e. that she did not use a car seat, was negligent in her care of one child requiring re-circumcision, and socialized with a former domestic abuser, I suggest that she is entitled to immunity for the claims against her.

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED THAT the complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted.**

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 4, 2017						S/ PATRICIA T. MORRIS
								Patricia T. Morris
								United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Lana Kennedy at 3605 Argyle Road, Snover, MI 48472.

Date: October 4, 2017						By s/Kristen Castaneda
								Case Manager